IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRAIG E. MENDENHALL, ID # 359197,  )<br>Petitioner,  )<br>vs.  )<br> )<br>NATHANIEL QUARTERMAN, Director,  )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>Respondent.  ) | No. 3:08-CV-1933-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254[1] to challenge the retroactive application of Tex. Gov't Code § 508.149 to unlawfully deny him mandatory supervised release.[2] (*See* Answer to Question 1 of Magistrate Judge's Questionnaire (MJQ).) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In 1983, petitioner pled guilty to six counts of aggravate robbery and was sentenced to thirty years imprisonment for each count to run concurrently. On December 13, 1990, petitioner received

---

[1] Petitioner's answer to the Magistrate Judge's Questionnaire also mentions 28 U.S.C. § 2241. Because petitioner is confined pursuant to a state judgment of conviction, § 2254 provides the proper basis for this habeas action.

[2] The petition filed in this action indicates that petitioner challenges his six 1983 convictions for aggravated robbery in Dallas County (Cause Nos. F83-83688-IP, F83-88927-VP, F83-84773-UP, F83-84775-UP, F83-89838-IP, and F83-84776-UP) wherein he received thirty year sentences to run concurrently. His claims, however, challenge the retroactive application of Tex. Gov't Code § 508.149 to deny him mandatory supervised release.

a five year sentence for escape in Walker County, which was ordered to run consecutively to his other sentences. On April 22, 1998, petitioner received a sixty-five year sentence for assault on a public servant in Freestone County, which was ordered to run consecutively to petitioner's other sentences.

On February 4, 2008, petitioner filed a state application for writ of habeas corpus regarding his Dallas County convictions and the claimed unlawful denial of release to mandatory supervision. (*See* Answer to Question 3 of MJQ.) The Texas Court of Criminal Appeals denied that application on June 25, 2008. (*Id.*)

On October 22, 2008, petitioner filed the instant federal petition for writ of habeas corpus. (*See* Pet. Writ Habeas Corpus (Pet.) at 9.) He claims that the retroactive application of Tex. Gov't Code § 508.149 (1) constitutes an ex post facto violation; (2) breaches his plea agreement; and (3) violates his rights to equal protection, due course of law, and due process. (Pet. at 7.)

On November 25, 2008, the Court received petitioners answers to the MJQ wherein he states that his discovery of the retroactive application of § 508.149 "was basically through pure dumb luck" set into motion by unrelated events. (Answer to Question 2 of MJQ.) He contends that he "wasn't aware of the full impact" of the retroactive application until he received replacement copies of findings entered in Cause No. 2:03-CV-0440. (*Id.*)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

2

Because petitioner filed the instant federal petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Because the instant challenge is not directed toward his holding convictions, the finality of his judgments of conviction under subparagraph (A) likewise provide no proper starting point for determining the timeliness of this action. For purposes of this action, the Court will calculate the one-year statute of limitations under subparagraph (D) – the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner does not identify precisely when he was denied release to mandatory supervision – he instead claims a continuous ongoing deprivation. (*See* Answer to Question 2 of

3

MJQ.) Consequently, the Court has insufficient information to commence the limitations period on the date petitioner was specifically denied release to mandatory supervision. *Cf. Harkness v. Quarterman*, No. 4:06-CV-215-Y, 2007 WL 806641, at *2 (N.D. Tex. Mar. 15, 2007) (accepting recommendation of Mag. J. which recognizes that the factual predicate for claims involving denial of mandatory supervised release is discoverable on the date of denial).

Nevertheless, the factual predicate of petitioner's claims would be known when the Texas prison system first informs the prisoner that he was ineligible for mandatory release. *See Eaton v. Cockrell*, No. 4:02-CV-500-Y, 2002 WL 32668182, at *3 (N.D. Tex. Oct. 24, 2002) (adopting recommendation of Mag. J.). Although petitioner contends that he lacked sufficient knowledge of the retroactive application of § 508.149 until he received replacement copies of findings entered in Cause No. 2:03-CV-0440, (*see* Answer to Question 2 of MJQ), the original findings issued on October 26, 2006, adequately notify petitioner of the factual predicate for his claims. The findings reveal that the respondent's answer in that case specifically indicated that petitioner was ineligible for mandatory supervision, and that respondent argued in its June 23, 2005 amended answer that such ineligibility should result in the dismissal of petitioner's then pending federal petition for loss of good time credits. (*See* Report & Recommendation, attached as Ex. C to petitioner's answers to MJQ.) Petitioner thus knew or should have known the factual predicate for the claims raised in this action well before issuance of the original findings on October 26, 2006. Because use of an earlier date makes no difference to the resolution of this action, the Court will calculate the limitations period from October 26, 2006.

Because petitioner filed his federal petition more than one year after he discovered the

4

factual predicate of his claims, a literal application of § 2244(d)(1) renders his federal petition untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which he had a habeas application or other collateral review pending before the state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus to challenge the denial of release to mandatory supervision on February 4, 2008, the statutory tolling period had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed on October 22, 2008. Further, petitioner has filed nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Accordingly, the instant habeas action falls outside the statutory period and should be deemed untimely.

### IV.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 5th day of December, 2008.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE